Good morning. My name is Randall Paulson. I represent the plaintiff appellant in this case. To be perfectly candid with the court's order to supplement the briefing with the Wong v. Beebe case, I think a lot of the force effect of the oral argument has been done through the submission of the briefs. But really, doesn't Wong v. Beebe change the world? In fact, because beforehand you were probably out in the woods, now the question is whether you get to go back for an equitable tolling argument. Correct. Correct. And I believe that the case clearly shows that this case fits into the ruling, even though it addresses a different aspect of the case. Different part of the statute. Right. Right. Yeah. So we're dealing with the two-year claims presentation versus the six-month filing deadline. But the court didn't delineate any difference between the two in its ruling, and so I made the assumption, absent any indication that there was a contrary indication by the court. But what I'd hoped to get but didn't from the supplemental briefing was attention to whether on these facts equitable tolling should be available on the assumption that equitable tolling is available in the abstract. And we didn't really get that, because the government argued, well, this is a different subsection of the statute, and therefore, Wong v. Beebe doesn't apply. And you, not unreasonably, responded primarily to that argument. It may be that our oral argument has taken me pretty quick. I'm tempted, and again, I'm not speaking yet for my colleagues. We don't confer ahead of time. I'm inclined to say equitable tolling is available in the abstract and remand to the district court for, you know, let's see if there's some of that potential developments that would be useful. I agree. I agree. Okay. Maybe we'll just hear from the government, then. Good morning, Your Honors. May it please the Court. Since it sounds like the Court's primary interest is in the equitable tolling issue rather than the accrual issue, let me just jump right in there. Even if we assume for a moment that Wong controls, of course, as the Court is aware, the United States disagrees with that, but even if we assume that it was. Does the United States continue to disagree with that? I mean, good for you. You gave us the 28J letter where a court in amendment dispo disagrees with your position. I mean, is the United States, despite that, going to continue to disagree? Our view is that the unpublished decision in June was wrongly decided. That's correct, Your Honor. Does that mean you're going to continue to make the argument to future courts that you're not making to us? I'm a little reticent to answer that question. As the Court is aware, the Solicitor General is still in the process of deciding whether to seek cert from the Wong decision. And, of course, the June decision just came down. Obviously, I can't foreclose any decision that the Solicitor General makes. Yeah, I think that's a sensible response. But what I'm driving at is I'm wondering whether we should write you a three-paragraph opinion that says Wong v. Beebe applies to the other section of the statute. And then the Supreme Court can do what it wants to do with Wong. But it seems to me that it follows from Wong that equitables of tolling is available under both sections of the statute. Well, if I may, Your Honor, let me offer kind of two sets of reasons why it is that even if ultimately that's the Court's conclusion, this is an inappropriate case in which to do that. The first, of course, is that as the Court is aware, equitable tolling was never raised in the district court. This came up for the first time in a brief here in the Court of Appeals. Well, Your Honor, I guess there are a couple of responses to that. The first is that the plaintiffs raised that in their opening brief here before the Wong decision came down. So the same Marley case that was out there before was out there then. Obviously, there is a question as to whether Marley, which was about the six-month, would apply to the two-year time bar. The United States argued that it did. But I should point out, Your Honor, that the waiver issue is a little more complex than just that there was some legal theory that an individual hadn't raised in district court. Rather, there are actually real practical concerns with the waiver issue here. There are two of them. One is that there are no allegations in the complaint to support the theory of equitable tolling. I mean, ordinarily, when somebody says that there should be equitable tolling, they then make, even if they don't completely flesh out all of the facts, they make some of the basic factual allegations to satisfy what even this Court in Wong said is a very high bar. And there are the four different requirements that need to be satisfied. We note them in the footnote in our supplemental brief. In the June case, for example, when the United States moved to dismiss that case in district court as untimely, the plaintiff then lodged an amended complaint, which made those various allegations. Here, they didn't do so. And the second thing that I would just add, Your Honor, is that remember that equitable tolling is an equitable doctrine. And so there's something especially strange about sending a case back to a district court and basically saying to the district judge, assuming that the court agrees with us on the accrual issue, that, well, you know, Judge so-and-so, we agree with all of your legal conclusions. But nonetheless, we think that this whole thing needs to be done over. You made a mistake by not applying an equitable tolling. No, the law has changed in the interim. Well, Your Honor, the law, again, assuming that the court believes that the law has changed in the interim. Well, I mean, Wong v. Beebe changed the law, as far as I'm concerned. It was still an argument that was never advanced, nor were there any facts that were put into the complaint. Well, I didn't know about Wong v. Beebe because it didn't exist. And the waiver issue isn't that ideally considered by the district court. Again, the world's changed as far as this particular statute is concerned, arguably. So there ought to be an opportunity to consider, in the first instance, each of the points you raise. They're perfectly valid points, but the reality is that before Wong v. Beebe, you probably had a dead-bang cinch case. There was no point in bringing some of these things up. Now you've got a different issue. The S.G. may take it up, whatever. But the reality is it's a whole new world. Shouldn't the waiver issues as well as the equitable tolling argument be made before the district judge? Your Honor, I want to make sure that I understand your question. I understand you to be asking whether, if the court were to remand, it would be appropriate to suggest to the district court that the district court could then decide the equitable tolling claim had been waived because it wasn't previously? Yeah, at least from my perspective. I don't know about my colleague, but I'm saying that it's not fair to the government to put you on the one side of the aisle. In other words, the field's changed. The rules have changed. So you start the game over again, basically, and in some respects. If there were a remand, we certainly do believe it would be appropriate to leave it to the district court to consider the possibility of waiver. But I do just want to push back on Your Honor's premises just in two different ways. The first of those is, although the government's position pre-Wong was that Marley controlled, as, of course, the en banc court in Wong acknowledged, there was actually a question with regard to Marley. Specifically, there was another panel decision from this court with which Marley conflicted. And so, obviously, the plaintiffs could have looked at that panel decision and made the same argument. But was Marley an en banc decision? It was not, Your Honor. Okay. So here, I was on Wong. I think you were as well. So, you know, I think we were looking at the statute. I think, I don't remember whether we expressly overruled Marley, but we may well have done that. But certainly, in our view, this was a new ball game. Your Honor, obviously, I understand that in the panel's view, the law changed when Wong was passed. All that I'm saying is that, of course, ordinarily, an individual is responsible for making an argument in a district court. Sure. Even if they think the law isn't in their favor. And all that I'm saying is even if the court does not kind of agree with the kind of largest version of that argument, that nonetheless, the plaintiffs, even in the district court, had a claim that the law was in their favor for two reasons. I understand. But I guess, again, perhaps it's looking at different things. You know, if you have a game where you play with white jerseys and the law says each side, one side wears red, the other side wears green, if you didn't wear red and green in the first game, you shouldn't be penalized when the rules change. So if we send it back based on Wong, isn't it appropriate from both the government's perspective and the plaintiff's perspective to allow the parties considering the new field and the new rules to be able to start to make the appropriate arguments in your case about whether a waiver occurred and so on and so on, which are perfectly legitimate issues? Well, Your Honor, not to sort of chase down the analogy a little bit too far, but with regard to your jersey hypothetical, I think the kind of better analogy would be one side wears red, one side wears blue. It's not entirely clear what color you were supposed to wear. You lose the game, and then later on you say, well, in fact, it turns out we would have been allowed to wear white jerseys. The game wasn't over. There was an instant replay and then no decision. Your Honor, I'm not going to keep chasing down the sports hypothetical, but if I could just make one other response to your question, which is just this. Ordinarily, when an individual argues for equitable tolling, they offer some factual bases, at the very least ordinarily in their complaint to support equitable tolling. Here, there were no facts alleged in the complaint to support equitable tolling, nor do we think there were kind of new facts that, even though this would have been inappropriate, that were introduced in the blue brief to support equitable tolling, nor, of course, Well, you know, I'm inclined to let the district judge sort that out. If there are any facts that support equitable tolling, I guess the district judge will find that out. Your Honor, if that's the case, then essentially what we're trying to say is we think it's quite likely that if the court were to ultimately resolve the scope of Longin's decision, it would be doing so in a case both where the issue was kind of doubly waived and in a case where it's quite likely that it would be basically just an advisory opinion. Here's how I look at this case as to the underlying justice of it. And I understand equitable tolling is not concerned with underlying justice, it's concerned with the factors going to equitable tolling. I'm sure, as you are well aware, the military has a major problem on its hands with respect to sexual abuse and the disciplining of those who are sexual abusers. And what happened here, if the allegations of the complaint are true, and they give every indication of so being because we've got a lawsuit out there that's an independent case that gives us some fact-finding on this, we have a sexual abuser and the command decides that he is a sexual abuser and his punishment is he's sent out to deal with school children. Terrific. And then the predictable happens. He abuses this girl. And the government is now saying, too bad, too late. That's how I see this case. Your Honor, obviously the fact that a plaintiff has alleged that the government did something inappropriate is not in and of itself a basis for equitable tolling. I understand that. But I want to tell you this is a miserable case for the government to be defending if the facts alleged in the complaint are true. I understand, Your Honor. Unless the panel has any other questions? Thank you. To the waiver, Your Honor, as I addressed in my supplemental brief, I think that the discovery rule and the accrual are inexplicably intertwined with the equitable tolling theory. So I don't think that, from what I understand from the court with its questioning to the appellee, is that this case is more appropriate to be argued as to the equitable tolling issue in the district court. But I'm just trying to rebut the waiver argument. Before you do that, in reality, when Marley controlled and before Wong v. Beebe, had you made an equitable tolling argument, that would have been an absolute dead-bang loser, would it not, under those circumstances, because there was no jurisdiction? I imagine it would. That's correct. It seems to me that there were some principles of equitable tolling out there with Alvarez, McCain, and Stoll v. Runyon, which I raised in my opening brief with the court. I wasn't aware of it at the time that we filed the case and was responding to the 12B motion, but it's clear now that the principles of equitable tolling do apply, and that's the basis of my argument here today is that it should apply and this case should be sent back down for disposition in the district court on that principle. Thank you. Thank you. Thank you. Thank you both sides. Gay-Ardover v. The United States, submitted.
judges: Fletcher, Smith, Watford